

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00142-CR

_____

JACOB TRISTAN GRAY, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 1
Tarrant County, Texas
Trial Court No. 1486915D

Before Gabriel, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Gabriel

**MEMORANDUM OPINION**

Appellant Jacob Tristan Gray appeals from the trial court's judgment revoking his community supervision, adjudicating his guilt for the third-degree felony of assault, and sentencing him to five years' confinement with a $28.94 fine. We modify the judgment and the incorporated order to withdraw funds to delete the fine and affirm the trial court's judgment as modified. *See* Tex. R. App. P. 43.2(b).

Gray was indicted for the assault of a family member by impeding her breathing. *See* Tex. Penal Code Ann. § 22.01(a), (b)(2)(B). On March 17, 2017, under the terms of a plea-bargain agreement, Gray pleaded guilty to the offense, and the trial court deferred adjudicating his guilt and placed him on community supervision for two years, which followed the parties' agreement. The trial court also imposed a $200 fine, which was an additional term of the plea-bargain agreement. The conditions initially imposed on Gray's community supervision were supplemented and amended twice.

During the period of Gray's community supervision, the State filed a petition to proceed to a hearing to determine if Gray's community supervision should be revoked and his guilt adjudicated. The State alleged that Gray had violated five conditions: (1) committed three new offenses, (2) failed to report to his community-supervision officer four times, (3) did not successfully complete a batterer's intervention and prevention program, (4) did not complete a supportive outpatient program, and (5) failed to pay the monthly supervision fee three times. At the trial

2

court's hearing on the State's petition to adjudicate, Gray pleaded true to the State's remaining allegations after the State waived its allegation regarding the outpatient program as agreed. The trial court found the State's allegations true and heard evidence regarding the appropriate disposition of the State's petition—a continuation of community supervision or confinement. The trial court adjudged Gray guilty of the underlying offense and sentenced him to five years' confinement. In the judgment adjudicating Gray's guilt, the trial court imposed a fine of $28.94 apparently based on a calculation of Gray's "Fines Remaining."

Gray timely filed a notice of appeal from the trial court's judgment. *See* Tex. R. App. P. 26.2(a). Gray's court-appointed appellate counsel has filed a motion to withdraw as counsel, accompanied by a brief in support of that motion. In the brief, counsel states that in his professional opinion, this appeal is frivolous and without merit. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 744 (1967). Gray did not respond to counsel's brief or motion although both counsel and this court advised him of his right to do so. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we have a supervisory obligation to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d

3

920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). In this evaluation, we consider the record and the arguments raised in the *Anders* brief. *See United States v. Wagner*, 158 F.3d 901, 902 (5th Cir. 1998); *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008) (orig. proceeding).

We have carefully reviewed the record and counsel's brief and have determined that the trial court's judgment requires modification with regard to the assessment of the $28.94 fine that appears in the trial court's written judgment adjudicating guilt and the order to withdraw funds from Gray's inmate trust account. The trial court did not orally assess a fine during its pronouncement of Gray's sentence, but the written judgment adjudicating guilt includes the fine. Although the trial court included a $200 fine in the order of deferred adjudication, the judgment adjudicating Gray's guilt set aside the prior deferred order, including the fine. *See Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004). But the trial court's oral pronouncement of sentence controls over its written judgment to the extent they conflict. *Id.* Accordingly, because the trial court did not include a fine in its oral pronouncement of sentence at Gray's revocation hearing, we modify the trial court's judgment adjudicating guilt to delete the $28.94 fine, which must also be deducted from the incorporated order to withdraw funds from Gray's inmate trust account. *See id.*; *Bowie v. State*, No. 02-16-00379-CR, 2017 WL 2806320, at *3 (Tex. App.—Fort Worth June 29, 2017, no pet.) (mem. op., not designated for publication); *Cox v. State*, No. 02-13-00596-CR, 2015

WL 831544, at *1 (Tex. App.—Fort Worth Feb. 26, 2015, no pet.) (mem. op., not designated for publication).

Except for this modification to the judgment, we agree with counsel that this appeal is wholly frivolous and without merit. Our independent review of the record reveals nothing further that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw, modify the trial court's judgment and incorporated order to withdraw funds to delete the fine, and affirm the judgment as modified. *See Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (en banc) (modifying judgment in *Anders* appeal and affirming judgment as modified).

/s/ Lee Gabriel
Lee Gabriel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: February 28, 2019